Hubbard v. Garies.

---

No. 23,157.

ROBERT HUBBARD, *Appellant,* v. GEORGE GARIES, *Appellee.*

SYLLABUS BY THE COURT.

LEASE OF FARM LAND—*Right of Tenant to Hay Mowed from Pasture Land.* The provisions of a lease of farm land considered, and *held,* the question whether the tenant is entitled to hay mowed from pasture land, depends on whether or not his manner of using the pasture constituted good husbandry.

Appeal from Wabaunsee district court; ROBERT C. HEIZER, judge. Opinion filed October 8, 1921. Reversed.

*Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellant.

*A. E. Crane,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a landlord to recover from his tenant the value of prairie hay grown on the leased premises and appropriated by the tenant. The judgment was for the defendant, and the plaintiff appeals.

The lease was of a described half section of land. The rent reserved consisted of shares of crops, with the exception of rent for the pasture; one-third of the wheat; two-fifths of the corn; two-fifths of the Kaffir corn; one-half of the alfalfa; one-third of the prairie hay if baled, and two-fifths if stacked. Specific portions of the land from which these crops were to be produced were not described. It seems, from an agreed statement of facts on which judgment was rendered, that there was a meadow on the farm, from which twenty-two tons of hay were cut. The pasture land was not described, but appears to have been fenced. The tenant agreed to procure stock for the pasture, not exceeding four head to the acre, and the landlord was to receive six dollars per head for the season, stock not to be removed until pasture bill was paid. The acreage of the pasture was such that the tenant was not allowed to pasture more than thirty-one grown animals. He placed thirty head in the pasture, and kept them there until some time in August, when he sold nineteen of them. The remaining eleven head were in the pasture for the full season. After the removal of cattle in August, the grass was not eaten down, and in late September the tenant cut from the pasture forty-six tons of hay, worth fifteen dollars per ton. He paid $180 for the pasture, or at the rate of six dollars per head for thirty head. The parties stipulate that if the plaintiff is entitled to recover, he should recover the value of one-third of the hay.

The tenant admits he cut forty-six tons of prairie hay from the pasture, but he says the prairie hay referred to in the lease was hay on the meadow land; he has paid in full for the pasture, and shares of crops having been delivered or accounted for, all rent for the half section has been paid. The landlord says the word "meadow" does not appear in the lease, and the term "prairie hay" was not restricted to hay from the meadow. The tenant was obliged to procure stock for the pasture. That was one of the conditions of the lease, and the

landlord's share of wheat, corn, Kaffir corn, alfalfa, and prairie hay, wherever cut, together with the sum received for pasture of stock, formed the entire consideration for the lease.

· When the lease was executed, the parties doubtless understood the rent provisions to refer to known subdivisions of the land and established uses of those subdivisions. Doubtless, mowing· the pasture was not thought of, and "prairie hay" was understood to mean hay from the meadow of native grass, as distinguished from alfalfa. Both parties understood that the tenant was to furnish as many cattle for the pasture as it would sustain without overstocking. There is nothing in the lease, however, which permits the tenant to convert the pasture into meadow. To do so would ordinarily constitute waste. A portion of the herbage of pastured land is returned to the soil in manure, uneaten grass returns to the soil and protects and enriches it, and mowing pasture land soon renders it unfit for pasture. This being true, the tenant should not be allowed to profit through a violation of his contract resulting in waste and, but for the stipulation relating to amount of recovery, he might be required to account for all the hay taken from the pasture. If the tenant had plowed up the pasture land and planted it to corn, he could take none of the corn and would be accountable for pasturage as such, and damages for waste. When the tenant delivered proper shares of the wheat, corn, Kaffir corn, alfalfa, and meadow hay, and paid for the number of cattle the pasture would sustain, he discharged his obligation in full, provided his handling of the pasture constituted good husbandry. While the facts adverted to are generally true, they may not be pertinent in this instance, considering the character of this particular pasture, the season, and other circumstances. Therefore, the district court should determine the question of good husbandry as a question of fact and, in the event the tenant's use of the pasture was not an approved use, he should account for the pasture hay according to the stipulation; otherwise the same judgment should be rendered as before.

The judgment of the district court is reversed, and the cause is remanded with direction to proceed as indicated.